■ In the Matter of the Claim of NATHANIAL LASKOWITZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 16, 1973, which reversed the decision of the Referee and disqualified claimant from receiving benefits on the grounds of voluntarily leaving employment without good cause. Claimant was employed by the Federal Government in the United States Post Office until June 30, 1972 when he retired in response to an "Early Retirement Opportunity" memorandum issued by the Postmaster

General as part of an effort to. effect a reduction in work force. The memorandum, which was intended to encourage, but not to coerce, eligible employees to resign, offered those employees who retired by June 30, 1972 an additional 4.8% cost-of-living increase in the retirement annuity. It further informed such employees that resignations in response to the request would be considered involuntary separations for retirement purposes. The employee resignation form attached to the memorandum stated, in part, "I, [name], understand that I will be involuntarily separated under conditions which will entitle me to a discontinued service annuity". The Federal employer reported the reason for claimant's separation from employment as "Resignation Requested by PMG." The Referee, relying on *Matter of Hiken (Levine)* (40 A D 2d 926, rearg. granted and decision adhered to 42 A D 2d 662), held that findings of the Federal agency as to the reason for claimant's termination were final and conclusive and he therefore found that claimant was involuntarily separated from his employment. Following the Referee's decision, the Industrial Commissioner requested the Federal agency to reconsider its findings, and the agency responded as follows on a form captioned "Request For Information or Reconsideration Of Federal Findings: The term 'Resignation Requested' as used in our earlier response represents our conclusion that the claimant meets the tests of eligibility for discontinued service retirement described in sub-chapter S11 of the Federal Personnel Manual (FPM). Claimant could have continued in his employment had he not retired. He was not coerced to submit his resignation but did so voluntarily." The appeal board concluded that both the earlier conclusion of the Federal employer of involuntary separation and the latter conclusion quoted above were equally final and conclusive. It stated: "However, since claimant was not afforded an opportunity for a hearing by the Federal agency as to the reason for his resignation and he contends that his separation was involuntary, the aforesaid findings are not final and conclusive and claimant was entitled to a hearing by *this* agency on the issue of the reasons for his resignation (Regulation 609.18)." (Emphasis supplied.) The language of the decision under review clearly indicates that the applicable statutes and regulations have been misread (U. S. Code, tit. 5, § 8506; Code of Fed. Reg., tit. 20, § 609.18). Pursuant to those sections, the first conclusion of involuntary separation was final and conclusive (*Matter of Hiken [Levine]*, supra; *Matter of Schifferle [Catherwood]*, 33 A D 2d 847). Thus, claimant's resignation in co-operation with the employer's objective of seeking a reduction in force should be treated as an involuntary separation (*Matter of Sier [Levine]*, 42 A D 2d 207, 210; *Matter of Hiken [Levine]*, 42 A D 2d 662, supra). Decision reversed, without costs, and matter remitted to the board for further proceedings not inconsistent herewith. Cooke, Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum. Herlihy, P. J. (dissenting). I adhere to my dissent in *Matter of Fisher (Levine)*, (43 A D 2d 753). (See *Matter of Aronowitz [Levine]*, 43 A D 2d 779 [decided herewith].)